# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO TINAJERO CERDA,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant.       / | Case No. 1:17-cv-00553-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>(Doc. 16) |

## I.    INTRODUCTION

On March 21, 2019, counsel for Plaintiff Ricardo Tinajero Cerda ("Plaintiff") filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"). (Doc. 16.) On March 22, 2019, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Plaintiff's counsel's motion, if any, by no later than April 18, 2019. (Doc. 17.) Plaintiff and the Commissioner were served with copies of the motion for attorney's fees and the minute order. (Doc. 18.) On April 10, 2019, the Commissioner filed a response, acknowledging that she was not a party to the fee agreement between Plaintiff and his counsel and therefore "not in a position to either assent or object to the fees that Counsel seeks from Plaintiff's past-due benefits," but nevertheless taking "no position on the reasonableness of the request." (*See* Doc. 19.) Plaintiff did not file any objection to the motion by the April 18, 2019 deadline (*See* Docket).

For the reasons set forth below, Plaintiff's counsel's motion for an award of attorney's fees is granted in the amount of $16,168.00, subject to an offset of $1,700.00 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on November 16, 2017 (*see* Doc. 15).

## **II.    BACKGROUND**

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) The parties stipulated to voluntarily remand the case pursuant to Sentence Four of 42 U.S.C. 405(g) on October 31, 2017, and judgment was entered in favor of Plaintiff and against the Commissioner on November 2, 2017. (Docs. 11, 13.) On November 16, 2017, the parties stipulated to an award of $1,700.00 in attorney fees and expenses under EAJA. (Docs. 14, 15.)

On remand, the Commissioner found Plaintiff disabled. (*See* Doc. 16 at 3.). On March 15, 2019, the Commissioner issued a letter to Plaintiff approving his claim for benefits and awarding him $68,503.50 in back payments through February 2019. (Doc. 16-3 at 1.) On March 21, 2019, counsel filed a motion for attorney's fees in the amount of $16,168.00, equal to 23.6% of Plaintiff's back benefits, with an offset of $1,700.00 for EAJA fees already awarded.[1] (Doc. 16.) It is counsel's section 406(b) motion for attorney's fees that is currently pending before the Court

## **III.    DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting

---

[1] Counsel contends Plaintiff received retroactive benefits in the amount of $64,672.00, and that his request for $16,168.00 represents "25% of the net payable past due benefits" (Doc. 16 at 4, 9.) The evidence before the Court, however, shows that Plaintiff's past due benefit amount is $68,503.50. (*See* Doc. 16-3 at 1.) Plaintiff's fee request thus comprises 23.6% of Plaintiff's past due benefits.

2

provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.1

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

1 cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

2 Here, the fee agreement between Plaintiff and the Law Offices of Lawrence Rolfing, signed by Plaintiff and counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(Doc. 16-1 (signed March 13, 2017) (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, the Law Offices of Lawrence Rohlfing spent 10.1 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner stipulated to remand the decision back to the agency for reconsideration. (Doc. 16 at 3, 9; Doc. 16-4 (time sheets accounting for 7.1 attorney hours and 3.0 paralegal hours spent representing Plaintiff before this Court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay

While counsel's regular, non-contingency hourly rate is $190.89, *see* Doc. 16-4, the effective hourly rate requested equals $1,600.79 per hour. This hourly rate is not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin*, No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving section

406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"). Further, attorney's fees in the amount of $16,168.00 do not exceed (and are in fact less than) 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 16-1.) Working efficiently and effectively, the attorney secured a stipulated remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 11, 13, 16-3.)

An award of attorney's fees pursuant to section 406(b) in the amount of $16,168.00 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $1,700.00 in fees pursuant to the EAJA; as such, counsel shall refund such

amount to Plaintiff.

## IV.        CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS ORDERED that:

1. Plaintiff's counsel's unopposed motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $16,168.00 (Doc. 16) is granted;

2. Plaintiff's counsel shall refund to Plaintiff $1,700.00 of the section 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 15); and

3. Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at his current or last known address.

IT IS SO ORDERED.

Dated:   **May 9, 2019**                              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE